# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK



---

## Hilary Best v. People of the State of New York, et al.

**Docket:** To be assigned (Civil Cover Sheet: Nature of Suit 530 – Habeas Corpus [General])

**CV 25-5350**

**Parties:**
**Petitioner:** Hilary Best
**Respondents:** (1) The People of the State of New York; (2) Hon. Srividya Pappachan, J.C.C.; (3) Melinda Katz, District Attorney for Queens County

**Related State Criminal Matter:** Queens County Criminal Court, Docket No. CR-011739-22QN
**Next State Appearance / Trial:** October 22, 2025 (trial posture)
**Custody Status:** Supervised Release (previously ROR)
**Venue:** EDNY (Brooklyn Courthouse)

**Petitioner's Contact:**
Hilary Best
64-31 108th Street #1133
Forest Hills, New York 11375
Tel.: (718) 807-4205
Email: illumilaw@gmail.com

**MORRISON, J.**



---

### 1) EMERGENCY APPLICATION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 AND FOR IMMEDIATE TEMPORARY RESTRAINING ORDER

**Preliminary Statement & Nature of Emergency**

Petitioner Hilary Best ("Petitioner") respectfully applies on an emergency basis for (i) immediate docketing and consideration of the accompanying Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, and (ii) an **immediate Temporary Restraining Order (TRO)** staying any commencement or continuation of trial or other proceedings in **Queens County Criminal Court Docket CR-011739-22QN**. Trial is postured to begin **October 22, 2025**, creating imminent and irreparable injury absent federal intervention.

This case presents **extraordinary circumstances** warranting prompt relief notwithstanding *Younger v. Harris*, 401 U.S. 37 (1971): (1) prolonged pre-trial delay and **Sixth Amendment** speedy-trial violations paralleling statutory breaches under **CPL 30.30**; (2) a **defective and false accusatory instrument** (false "publishable" statement) depriving the Criminal Court of subject-matter jurisdiction; (3) **illusory readiness** and discovery certifications (*see, e.g., People v. Bay*, 2023 N.Y. Slip Op 06407; *People v. Vargas*, 76 Misc. 3d 646 [Crim. Ct. 2022]); and (4) a **denial of meaningful access to state courts**—including failure to reinstate a stay previously

REC'D IN PRO SE OFFICE
OCT 21 '25 PM3:46

issued on **October 3, 2025**—rendering state remedies inadequate or futile within the meaning of *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484 (1973).

**Relief Requested**

A. Issue an **ex parte TRO** immediately staying all proceedings in CR-011739-22QN pending a hearing on the Order to Show Cause;
B. Sign and issue the proposed **Order to Show Cause** directing Respondents to show cause within a short date (e.g., 7 days) why a writ should not issue;
C. Upon the hearing, grant the Petition, dismiss the unconstitutional prosecution, and discharge Petitioner from unlawful restraints of supervised release and compulsory appearances;
D. Grant such other relief as is just and proper.

**Rule 65(b)(1) Certification of Efforts to Give Notice**

Petitioner certifies that he will promptly notify the Queens County District Attorney's Office and the chambers of **Hon. Srividya Pappachan, J.C.C.** of this federal emergency application by email and/or telephone immediately upon filing, and will serve the papers forthwith by the fastest practicable means. Given the imminence of trial on **October 22, 2025**, immediate ex parte relief is necessary to prevent irreparable injury.

**Memorandum in Support (Short Form)**

1. **Jurisdiction/Statute.** 28 U.S.C. § 2241(c)(3); venue is proper in EDNY. Petitioner is "in custody" on **Supervised Release**, which imposes significant restraints sufficient for habeas purposes.
2. **Extraordinary Circumstances / Younger Exceptions.** Bad-faith and patently unconstitutional prosecution (*Perez v. Ledesma*, 401 U.S. 82 [1971]); denial of access to effective state remedies and futility (*Braden*, 410 U.S. at 489-93).
3. **Likelihood of Success.** The accusatory instrument is facially defective and jurisdictionally void (*People v. Harper*, 37 N.Y.2d 96 [1975]); materially false "publishable" statements vitiate sufficiency (*CPL 100.15/100.40*) and due process (*Ex Parte Bain*, 121 U.S. 1 [1887]). Prolonged delay and illusory readiness violate the Sixth Amendment and **CPL 30.30** (*Bay*; *Vargas*).
4. **Irreparable Injury.** Forcing Petitioner to trial in a court without jurisdiction causes per se irreparable harm to constitutional rights; post-trial review is inadequate.
5. **Balance of Equities & Public Interest.** Preserving constitutional integrity and preventing trial on a void instrument outweighs any delay to the State; a brief stay maintains the status quo while this Court adjudicates the claims on an expedited basis.

**Requested Schedule**

Petitioner respectfully requests that the Court (i) issue a TRO forthwith; (ii) set a return date within **7 days** for the Order to Show Cause; and (iii) require Respondents to file any opposition **within 72 hours** of service.

**Signature**
Dated: October 21, 2025
Forest Hills, New York

*/s/ H. Best*

Hilary Best
64-31 108th Street #1133
Forest Hills, New York 11375
Tel.: (718) 807-4205

## 2) VERIFIED PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

**Caption:**
Hilary Best, Petitioner,
v.
The People of the State of New York; Hon. Srividya Pappachan, J.C.C.; and Melinda Katz, District Attorney for Queens County, Respondents.

# Introduction

1. Petitioner seeks a writ under **28 U.S.C. § 2241(c)(3)** to halt an unconstitutional state prosecution in **Queens County Criminal Court** under docket CR-011739-22QN. Petitioner is subject to **Supervised Release** restraints and an imminent trial date of **October 22, 2025**.
2. Federal intervention is warranted due to **extraordinary circumstances: a jurisdictionally void accusatory instrument** predicated on a **false publishable statement, illusory statements of readiness** and discovery certifications, **prolonged delay** in violation of the Sixth Amendment and CPL 30.30, and a **denial of meaningful access to state courts** (including non-reinstatement of an **October 3, 2025** stay), rendering state remedies ineffective or futile.

# Jurisdiction and Venue

3. This Court has jurisdiction under § 2241(c)(3). Venue lies in this District because Petitioner is restrained within EDNY and the underlying prosecution is in Queens County.

4. Petitioner is "in custody" for habeas purposes given the constraints of Supervised Release, compulsory court appearances, and threat of incarceration.

## Parties

5. **Petitioner:** Hilary Best, resident of Queens County, New York.
6. **Respondent The People of the State of New York.**
7. **Respondent Hon. Srividya Pappachan, J.C.C.,** presiding judge of the underlying criminal matter.
8. **Respondent Melinda Katz,** District Attorney for Queens County.

## Procedural Background and Facts

9. Petitioner was arrested and charged via misdemeanor complaint; on or about **December 21. 2023** the prosecution filed a **criminal complaint** that failed to establish jurisdiction and facial sufficiency as required by **CPL 100.15** and **100.40.**
10. The accusatory instrument contained a **false publishable statement**, materially misleading and fatal to facial sufficiency and due process.
11. The prosecution has issued **statements of readiness** and discovery certifications that are **illusory**, contravening New York law (*People v. Bay*, 2023 N.Y. Slip Op 06407; *People v. Vargas*, 76 Misc. 3d 646 [Crim. Ct. 2022]).
12. The case has suffered **prolonged pre-trial delay** exceeding constitutional and statutory limits, violating the **Sixth Amendment** and **CPL 30.30.**
13. Petitioner filed an **Article 78** petition and obtained a **stay on October 3, 2025.** That stay has not been reinstated, and Petitioner has been **denied meaningful access to state courts** to obtain relief from the ongoing violations and to remedy the lack of jurisdiction.
14. Petitioner was initially **ROR**, now on **Supervised Release,** and is compelled to appear for trial on **October 22, 2025.**

## Grounds for Relief

### Ground I — Speedy-Trial & Due Process Violations (Sixth & Fourteenth Amendments; CPL 30.30)

15. The State's delay exceeds constitutional tolerances (*Barker v. Wingo*, 407 U.S. 514) and statutory mandates (CPL 30.30). Illusory readiness renders excluded time chargeable to the People (*Bay*; *Vargas*). Continued prosecution violates due process.

### Ground II — Defective Accusatory Instrument & Lack of Subject-Matter Jurisdiction

16. The accusatory instrument is jurisdictionally void due to material falsity and failure to plead non-hearsay facts establishing each element (*CPL 100.15/100.40*). A court **lacks**

**authority to proceed** without a valid information (*People v. Harper*, 37 N.Y.2d 96 [1975]). Material fabrication violates due process (*Ex Parte Bain*, 121 U.S. 1 [1887]).

### Ground III — Bad-Faith / Patently Unconstitutional Prosecution (Younger Exception)

17. The State's persistence in prosecuting on a void instrument, coupled with illusory readiness and denial of access to courts, constitutes **bad faith** and a **patently unconstitutional prosecution**, qualifying for the exceptions to *Younger* abstention (*Perez v. Ledesma*, 401 U.S. 82 [1971]).

### Ground IV — Denial of Access to State Courts; Futility of State Remedies

18. Petitioner's attempts to obtain relief—including the **October 3, 2025** stay—have been blocked or left without effect, rendering state corrective processes **ineffective** to protect federal rights. Federal habeas under § 2241 is proper under *Braden*, 410 U.S. at 489-93.

### Exhaustion & Abstention

19. Although § 2241 has no statutory exhaustion requirement, courts apply prudential exhaustion. Here, **exhaustion is excused**: state processes are **incapable of providing relief in time** to prevent the imminent constitutional injury of trial without jurisdiction; and repeated procedural obstacles amount to futility.
20. *Younger* abstention does not apply because **extraordinary circumstances** exist: bad faith, patent unconstitutionality, and denial of access to state remedies. The **irreparable injury** of being forced to trial in a court lacking jurisdiction cannot be undone post-hoc.

### Prayer for Relief

WHEREFORE, Petitioner respectfully prays that this Court:

A. **Issue a Temporary Restraining Order** immediately staying all proceedings in CR-011739-22QN;

B. **Issue an Order to Show Cause** directing Respondents to show cause within a short date why a writ should not issue;

C. Upon return, **grant the Writ**, declare the state prosecution unconstitutional, and **dismiss or discharge** Petitioner from the restraints arising from the defective prosecution;

D. Grant such other and further relief as the Court deems just and proper.

## Verification

I, **Hilary Best**, declare under penalty of perjury that I am the Petitioner; I have read the foregoing Petition and know the contents thereof; the same are true to my knowledge except as to matters stated to be alleged upon information and belief, and as to those I believe them to be true.
Dated: October 21, 2025
Forest Hills, New York

_____
**Hilary Best**
64-31 108th Street #1133
Forest Hills, New York 11375
Tel.: (718) 807-4205

## [PROPOSED] ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINING ORDER

Upon the Emergency Application and the Verified Petition of **Hilary Best** for a Writ of Habeas Corpus under 28 U.S.C. § 2241, and the exhibits annexed thereto, and sufficient cause appearing therefor, it is hereby:

ORDERED, that Respondents **The People of the State of New York; Hon. Srividya Pappachan, J.C.C.; and Melinda Katz, District Attorney for Queens County** show cause before this Court on the ___ day of _____, 2025, or as soon thereafter as counsel may be heard, at the United States Courthouse, 225 Cadman Plaza East, Brooklyn, NY, why a writ of habeas corpus should not issue; and it is further

**TEMPORARILY RESTRAINED AND ORDERED**, that pending the return and determination of this Order to Show Cause, **Respondents, their officers, agents, servants, employees, and attorneys, and those acting in concert with them are hereby**

**TEMPORARILY RESTRAINED from commencing or continuing any trial or further proceedings in Queens County Criminal Court Docket CR-011739-22QN**, and from taking any adverse action against Petitioner arising from said prosecution; and it is further

ORDERED, that service of this Order to Show Cause, together with the papers upon which it is granted, by electronic mail and personal delivery (or overnight delivery) to the Queens County District Attorney's Office and to chambers of **Hon. Srividya Pappachan, J.C.C.**, on or before _____, 2025, shall be deemed good and sufficient service; and it is further

ORDERED, that Respondents shall file and serve their opposition, if any, by _____, 2025, and Petitioner may file and serve any reply by _____, 2025.
SO ORDERED.

Dated: Brooklyn, New York
_____, 2025

_____
United States District Judge

## CIVIL COVER SHEET (JS-44) – FILING NOTES (for reference)

- **Jurisdiction:** Federal Question
- **Nature of Suit:** 530 (Habeas Corpus – General)
- **Origin:** Original Proceeding
- **Cause of Action:** 28 U.S.C. § 2241(c)(3)
- **Requested in Complaint:** Declaratory and Injunctive Relief; TRO; Writ of Habeas Corpus