UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
HILARY BEST,

                Petitioner,

        -against-

THE PEOPLE OF THE STATE OF NEW YORK, et al.,

                Respondent.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**
25-CV-05350 (NRM)

NINA R. MORRISON, United States District Judge.

On October 21, 2025, *pro se* Petitioner Hilary Best filed the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 seeking to halt his New York state criminal prosecution in the New York State Supreme Court, Queens County, under indictment number CR-011739-22QN.  Pet., ECF No. 1 at 1.[1] Petitioner paid the filing fee to commence this action.  The Court has reviewed the Petition and determined that Petitioner is not entitled to the relief he seeks.  For the reasons discussed below, the action is dismissed.

## STANDARD OF REVIEW

Because Petitioner is proceeding *pro* se, the Court is required to construe his pleadings liberally and interpret them "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).  Nevertheless, a *pro se* litigant is

---

[1] The Court refers to the page numbers generated by the Electronic Case Filing System ("ECF").

1

not exempt "from compliance with relevant rules of procedural and substantive law." *Id.* at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

Petitioner brings this *habeas corpus* petition pursuant to 28 U.S.C. § 2241. Section 2241 permits habeas corpus review for federal or state prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243.

## BACKGROUND

The following facts are drawn from the Petition and the New York State Unified Court System database. Petitioner was arrested by the New York City Police Department on May 12, 2022 and charged with one count of stalking in the fourth degree regarding an incident that occurred on April 15, 2021 in Queens. https://perma.cc/3EG2-NJBA. At the time he filed the Petition, his trial was scheduled for October 22, 2025. Pet., ECF No. 1 at 1. Petitioner was tried and found guilty of the offense on October 31, 2025. https://perma.cc/YB4S-XX62. His sentencing is scheduled for November 14, 2025. *Id.*

Petitioner states that he was detained at the time of filing the Petition because he was on supervised release, Pet., ECF No. 1 at 4, but, according to the records of the New York City Department of Correction, as of October 31, 2025, Best is detained at Rikers Island. https://perma.cc/35QP-2UUE. He seeks to have the state court

criminal proceedings "stayed" and the criminal action dismissed. Pet., ECF No. 1 at 5.

## DISCUSSION

Petitioner brings this petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, challenging the constitutionality of his detention. He seeks to stop the criminal proceeding against him and dismiss the criminal charges. Section 2241 provides a limited opportunity for a state pretrial detainee to challenge his pretrial detention, but a Section 2241 petition cannot be used to "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 493 (1973); *see also Allen v. Maribal*, No. 11-CV-2638 (KAM), 2011 WL 3162675, at *1 (E.D.N.Y. 2011) (noting that a federal *habeas corpus* proceeding is not to be converted into a "pretrial motion forum for state prisoners" (citing *York v. Ward*, 538 F. Supp. 315, 316 (E.D.N.Y. 1982))).

A. Intervention in state-court proceedings

The Court must dismiss any claims that Petitioner asserts in which he asks the Court to intervene in his state criminal proceedings. In *Younger v. Harris,* 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573–74 (1973) (citing *Younger,* 401 U.S. at 37); *see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72

(2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."). The bad faith exception arises when "the state proceeding was initiated with and is animated by a retaliatory, harassing, or other illegitimate motive." *Diamond "D" Construction Corp. v. McGowan*, 282 F.3d 191, 199 (2d Cir. 2002). "A state proceeding that is legitimate in its purposes, but unconstitutional in its execution — even when the violations of constitutional rights are egregious — will not warrant the application of the bad faith exception." *Id.*

Here, Petitioner seeks to have this Court stop the state court "trial or other proceedings" and "dismiss or discharge Petitioner from the restraints arising from the defective prosecution." Pet., ECF No. 1 at 1, 5. Petitioner acknowledges that *Younger* requires federal courts to abstain from enjoining ongoing state criminal proceedings in most cases, 401 U.S. at 37, but he argues that his case involves a "bad-faith and patently unconstitutional prosecution" and the "denial of access to effective state remedies." Pet., ECF No. 1 at 2. He alleges that the state court is proceeding on a "void instrument" because the charges are based on "material falsity" and lack "non-hearsay facts establishing each element." *Id.* at 4–5. He states that the "irreparable injury of being forced to trial in a court lacking jurisdiction cannot be undone post-hoc." *Id.* at 5.

Based on the allegations set forth in the Petition, the Court cannot conclude that an exception to *Younger* abstention applies. Although Petitioner invokes the

4

wording of the exceptions, he alleges no facts that suggest any bad faith, harassment, or irreparable injury that is both serious and immediate. He also does not explain why the state remedies provided to persons who, like Petitioner, have been convicted at trial and seek to challenge their convictions are not available to him. Thus, the Court has no basis to intervene in Petitioner's state criminal proceedings and now dismisses his claims for injunctive relief and declaratory relief.

B. Exhaustion of State Court Remedies

Nor does Petitioner allege facts to show that he has exhausted his state court remedies. Before seeking habeas relief under 28 U.S.C. § 2241, a state detainee must first exhaust available state court remedies. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While 28 U.S.C. § 2241 does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."); *Dawson v. Toulon*, No. 22-CV-6341 (GRB), 2022 WL 17177839, at *2 (E.D.N.Y. Nov. 22, 2022). In the pretrial context (which was the status of Petitioner's criminal case at the time he filed his petition, although he has since gone to trial and been convicted), exhaustion includes seeking *habeas corpus* relief in the state courts and, if necessary, seeking leave to appeal any adverse decisions to the New York Court of Appeals, the State of New York's highest court. *See* N.Y.C.P.L.R. § 7001, *et seq.*; *Alexander v. Warden of NYC*, No. 25-CV-00624 (DG), 2025 WL 1296063, at *2 (E.D.N.Y. May 5, 2025). Here, Petitioner does not suggest

that he has exhausted his state remedies. Accordingly, the Petition is denied without prejudice.[2]

## CONCLUSION

The Petition for a writ of *habeas corpus*, filed under 28 U.S.C. § 2241, is denied without prejudice. Petitioner's request for a temporary restraining order is denied. Petitioner's motion to compel is also denied. ECF No. 3. Because the Petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Clerk of Court is directed to enter judgment dismissing this action without prejudice.

The Clerk of Court is directed mail a copy of this order to the Petitioner and note the mailing on the docket.[3]

---

[2] Although Petitioner had not yet been tried on any criminal charges when he filed the Petition, he has since been tried and convicted and is awaiting sentencing. Thus, a § 2241 petition challenging pretrial detention may also be moot since the "the matter no longer presents a live case or controversy." *Mulkey v. Niagara Cnty. Sheriff*, 720 F. Supp. 3d 237, 243 (W.D.N.Y. 2024); *id.* at 241 ("The district courts in this Circuit have concluded uniformly that [28 U.S.C.] § 2254(a) applies only to those whose state custody results from a final judgment issued by a state court, and therefore petitions brought prior to trial are properly construed under § 2241 rather than § 2254.").

[3] Although it is Petitioner's duty to keep the court apprised of his current mailing address, as a courtesy, the Clerk of Court is requested to send a copy of this Order to Petitioner at the following address: Hilary Best, Book & Case Number: 4412504700, Eric M. Taylor Center, 10-10 Hazen Street, East Elmhurst, New York, 11370.

Although Petitioner paid the filing fee to commence this action, the Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

                                   */s/ Nina R. Morrison*
                                   NINA R. MORRISON
                                   United States District Judge

Dated:       November 6, 2025
              Brooklyn, New York